IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GREGORY CHARLES TAYLOR,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-22-2366 |
| | * | |
| **LOUIS DEJOY, POSTMASTER** | * | |
| **GENERAL, UNITED STATES** | * | |
| **POSTAL SERVICE,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Gregory Charles Taylor, who is self-represented, filed this lawsuit against two groups of defendants. ECF 1, 4. The first group consists of Plaintiff's former employer, Louis DeJoy, as the Postmaster General of the United States Postal Service ("USPS"), and Plaintiff's more direct supervisors, Elaine Roberts and Crandall Cotton, who were involved in the incident leading to Plaintiff's termination from his employment. The second group consists of two co-workers who held official positions in the labor union at or about the time of Plaintiff's termination, Jack McClelland and Orson "Mike" Smith. Both groups of defendants have filed motions to dismiss Plaintiff's claims. ECF 20 (Cotton/DeJoy/Roberts) and ECF 27 (McClelland/Smith). Plaintiff opposed both motions, ECF 25, 32, and Cotton/DeJoy/Roberts filed a reply, ECF 31. No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the motions to dismiss will be granted, although Plaintiff's claims against the Cotton/Dejoy/Roberts defendants will be dismissed without prejudice.

I.     **FACTUAL BACKGROUND**

The following facts are largely derived from Plaintiff's Complaint and the exhibits attached to his supplement. ECF 1, 4. Plaintiff worked as a mail handler at USPS's Linthicum Packaging and Distribution Center. ECF 4-3 at 2. On August 19, 2015, Roberts and Cotton held a meeting with mail handlers to discuss a mislabeled container, and a confrontation with Plaintiff ensued. *Id.* During his confrontation with Cotton, Plaintiff used derogatory language and struck the cafeteria wall, leaving an indentation. *Id.* at 2–3. Roberts escorted Plaintiff from the building. *Id.* at 3.

Disciplinary proceedings ensued. Prior to the August 19, 2015 incident, Plaintiff had prior disciplinary actions in his record, including attendance-based issues, one suspension about one year earlier for "obedience to orders," and one suspension on November 19, 2014 for violation of the USPS's Zero Tolerance Policy. ECF 4-2 at 13. Although Plaintiff disputed the facts of the August 19, 2015 incident, USPS issued Plaintiff a notice of removal, citing Improper Conduct/Violation of the Zero Tolerance Policy/Violation of the Joint Statement of Violence and Behavior in the Workplace. ECF 4-6 at 1–2.

On September 21, 2015, McClelland submitted a grievance in relation to Plaintiff's termination, but the grievance was filed later than permitted by the union's rules. ECF 1 at 8; *see also* ECF 25-7 (Article 15, "Grievance-Arbitration Procedure," of the Local 305 Union Handbook). Subsequent efforts to submit grievances to management were denied, and so the union brought the issue to an arbitrator and a hearing was held July 19, 2016. ECF 4-3 at 3–4. The arbitrator denied the grievance. ECF 4-1 at 4. When Plaintiff asked for additional assistance in obtaining reinstatement, on September 9, 2016, Defendant Smith texted Plaintiff stating, in part, "No feelings and no problem, I'm done with this issue, you['re] on your own . . . ." ECF 4-8 at 3. Smith provided no additional assistance to Plaintiff in his reinstatement efforts. ECF 1 at 9.

2

On December 31, 2015, Plaintiff filed an EEO charge alleging discrimination based on his "race, sex, and genetic information." ECF 4-6 at 1. The EEOC ultimately issued a decision that Plaintiff had failed to proffer any evidence to support an inference of discrimination. *Id.* at 2. His appeal and reconsideration requests were denied. *Id.* Plaintiff timely instituted the instant action on September 16, 2022. ECF 1.

## II.     LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*,

3

584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III. ANALYSIS

#### A. McClelland/Smith Claims

Plaintiff's claims against McClelland and Smith allege their failures to assist Plaintiff during his grievance process in 2015 and 2016. Such claims are distinct from the discrimination claims against an employer that must be initially adjudicated through the EEO process. An individual can bring an action against a union for a breach of the union's duty of fair representation in connection with a grievance. *See Thompson v. Aluminum Co.*, 276 F.3d 651, 658 (4th Cir. 2002). But individual union members or representatives cannot be sued for those actions. *See Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (determining that Section 301(b) of the Labor Management Relations Act precludes holding union members responsible for union wrongs). Thus, claims against McClelland and Smith, as union members and officers, cannot lie.

Even if Plaintiff had sued the union instead of its members, the statute of limitations for a claim alleging a union's breach of duty of fair representation is only six months. *See DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 154–55 & n.2 (1983); *see also Witt v. Roadway Exp.*, 136 F.3d 1424, 1431 (10th Cir. 1998) (concluding that the six-month statute of limitations applies to claims that a union failed to represent an individual employee in a grievance process); *Eatz v. DME Unit of Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, AFL-CIO, 794 F.2d 29, 33 (2d Cir. 1986) (same); *George v. Loc. Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, AFL-CIO, 100 F.3d 1008, 1014 (D.C. Cir. 1996) (same); *Erkins v. United Steelworkers of Am.*, AFL-CIO-CLC, 723 F.2d 837, 839 (11th Cir. 1984) (same). Plaintiff knew of the wrongs he alleges McClelland and Smith committed in 2015 and 2016, respectively, and would have needed to bring his claims for breach of the duty of fair representation in 2016 and 2017. Although he apparently waited until the EEOC process relating to his discrimination claims against USPS had concluded, that process is unrelated to his duty of fair representation claim against his union. Thus, his union-related claims are now time-barred and must be dismissed with prejudice.

### B. Cotton/DeJoy/Roberts Claims

Although Plaintiff's discrimination claims are not time-barred, his present Complaint fails to meet the legal requirements. First, on September 16, 2022, Plaintiff filed a twelve-page Complaint, using this Court's form for pro se litigants. ECF 1. That document fails to identify the theories of discrimination Plaintiff is pursuing, and fails to allege any facts suggesting discrimination, such as evidence of comments made by the decisionmakers about Plaintiff's race, gender, or size, or examples of persons who are not part of those classes receiving different treatment from the same decisionmakers following similar conduct. Plaintiff later filed a

"supplement" to his Complaint, ECF 4, which attaches a number of exhibits, some of which are annotated with marginal notes that are difficult to read and comprehend. Complaints are not permitted to be supplemented, however. They must be filed as a single document, attaching any relevant exhibits. And that document must identify precisely what the claims are and must allege facts to plausibly support each claim. Put more simply, the Complaint has to be a single document that states clearly each claim Plaintiff wishes to bring and what facts support each claim. This case cannot proceed as it is presently configured, with Defendants simply guessing based upon the EEOC charge what claims Plaintiff intends to assert here.

Therefore, as to Plaintiff's discrimination claims against Cotton/DeJoy/Roberts, Plaintiff's Complaint is dismissed without prejudice. This means that if Plaintiff is able to draft an Amended Complaint that (1) clearly identifies the claims he is asserting; (2) sets forth the basis for any discrimination claims, including the reasons why he believes he was treated differently from similarly situated persons in other classes and (3) attaches any relevant exhibits, he may file a motion seeking leave to file that Amended Complaint. The motion should attach the entire proposed Amended Complaint as an exhibit. After receiving any response from the defendants, this Court will consider whether the amendment should be allowed to be filed and whether this case should be reopened. Any motion for leave to file an amended complaint must be accompanied by either a motion to reopen this case, or a motion to vacate this order under Rule 59 or Rule 60. *Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022). Any such motion must be filed within 28 days of the entry of this order.

### IV.     CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 20, 27, are granted and this case will be closed. The claims against Smith and McClelland are dismissed with prejudice

and the claims against Cotton, DeJoy, and Roberts are dismissed without prejudice. A separate Order follows.

Dated: August 16, 2023 /s/
Stephanie A. Gallagher
United States District Judge